Virginia ENSINGER, Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent.

No. 87-1364.

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 23, 1987.[*]

Decided Nov. 12, 1987.

Howard B. Eisenberg, Carbondale, Ill., for petitioner.

J. Michael O'Neill, Appellate Litigation, U.S. Dept. of Labor, Office of the Solicitor, Bruce A. McDonald, Washington, D.C., for respondent.

Before WOOD, COFFEY and RIPPLE, Circuit Judges.

PER CURIAM.

Petitioner, Virginia Ensinger, the ex-wife of a former coal miner, was denied benefits under the Black Lung Benefits Act, 30 U.S.C. § 901 *et seq.* The Department of Labor's Benefits Review Board affirmed the denial. Ensinger petitions this court for review of the Board's order. Because we conclude that the Board correctly determined that Ensinger does not qualify as a dependent divorced spouse, we deny her petition.

I

The facts of this case are uncontested. Petitioner married Charles Ensinger on July 12, 1939; they were divorced on June 27, 1964. Charles is a former coal miner,

---

[*] After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Fed.R. App.P. 34(a); Circuit Rule 34(f). Respondent has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record.

and, in 1980, he was found to be entitled to black lung benefits.

Under the regulatory definitions, petitioner is the "divorced spouse of a miner." *See* 20 C.F.R. § 725.206.[1] As such, she is eligible for benefits under the Black Lung Act[2] if she: (a) receives at least one-half of her support from the miner; or (b) receives "substantial contributions from the miner pursuant to a written agreement"; or (c) a "court order requires the miner to furnish substantial contributions" to her support. 20 C.F.R. § 725.207; *see also* 30 U.S.C. § 902(a)(2).

From 1964 on, Charles Ensinger made no alimony payments to his ex-wife; nor did he enter into a written agreement to make support payments to her. Instead, "in lieu of alimony," Charles conveyed the couples' home to Virginia pursuant to a settlement agreement which was incorporated into their divorce decree.[3] At the time of the administrative hearing, petitioner continued to live in the house. Also at that time, her only income consisted of social security benefits of $330 per month, and she estimated the rental value of her home as $300 per month.

## II

Petitioner contends that, because her ex-husband deeded his interest in their house to her in lieu of alimony pursuant to the divorce decree, and because she continues to receive a benefit from that conveyance (equal, she implies, to the rental value of the house), she is currently receiving "substantial contributions" from the miner and

is eligible for benefits under 20 C.F.R. § 725.207(b) or (c).[4] The ALJ, the Benefits Review Board and the Director disagree.

We note, first, that, although our standard of review of questions of law is *de novo*, when the construction of an administrative regulation is at issue, the Director's interpretation is controlling unless it is plainly inconsistent with the regulation. *Director, OWCP v. Ball*, 826 F.2d 603, 604 (7th Cir.1987). The Director's interpretation of the administrative regulation at issue here is completely consistent with the regulatory language. The regulations clearly define "contributions" as payments provided by the miner from his "property, or the use thereof, or by the use of such individual's own credit." 20 C.F.R. § 725.233(b); *see also Ball*, 826 F.2d at 606. According to the Director's interpretation, this definition excludes whatever benefit petitioner currently receives from her house, since that benefit is not being provided by the miner from *his* property or *his* credit or the use of either. We can only agree.

Charles conveyed the house to Virginia in 1964. That conveyance ended their economic relationship. Since 1964, petitioner has been sole owner of the house. If she is currently realizing any benefit from the house, it has its source in *her* property, not Charles'. *See Ball*, 826 F.2d at 609 n. 5. Any such benefit is therefore not a "contribution" and *a fortiori* not a "substantial contribution" under the clear regulatory language.

1. 20 C.F.R. § 725.206 provides (with an inapplicable exception):
   [A]n individual will be considered to be the divorced spouse of a miner if the individual's marriage to the miner has been terminated by a final divorce on or after the 10th anniversary of the marriage....

2. Actually, the miner is eligible for "augmentation" of benefits on her behalf. *See* 20 C.F.R. § 725.520; *see also* 20 C.F.R. § 725.514 (payment of augmentation portion of benefit may be certified to the dependent divorced spouse directly).

3. The settlement agreement provides, in pertinent part:

Wife is to be the owner of the home of the parties hereto, said home being located at 116 Maple Street, Ziegler, Illinois, and husband is to execute a deed to same, and wife, in consideration of the conveyance of said home to her, waives any and all claim to any alimony, the conveyance of said home to be in lieu of alimony....

4. It is not clear whether petitioner claims to be receiving contributions pursuant to a court order under subsection (c), or a written agreement under subsection (b). The distinction is immaterial, however, since we conclude she is receiving no substantial contributions.

Petitioner argues, however, that this interpretation of the regulations is inconsistent with the policies underlying the Black Lung Benefits Act and therefore should be rejected. According to the petitioner, the purpose of the statute is "to provide a source of income to those persons who *ought* to be supported" rather than "to replace a source of income actually lost." At least in the context of this case, we are not persuaded.

In the Black Lung Benefits Act itself, Congress defined a divorced spouse who "ought" to be supported (in language closely tracked by the regulations) as one "who is receiving at least one-half of her support ... from the miner, or is receiving substantial contributions from the miner (pursuant to a written agreement), or there is in effect a court order for substantial contribution to her support from such miner." 30 U.S.C. § 902(a)(2). We have recently addressed the issue of the legislative intent behind this dependency requirement in relation to the eligibility of a surviving divorced spouse for benefits after the miner's death. *See Ball*, 826 F.2d at 607–09. While we limited our conclusion in *Ball* to the question whether social security benefits qualify as contributions from the miner's property, and stopped short of holding that black lung benefits could *never* be awarded in the absence of an actual economic loss of support, *id.* at 609, we did dispose of the same "legislative intent" arguments made by petitioner in this case.[5]

As in *Ball*, it is unnecessary for us to hold that black lung benefits can never be awarded absent actual economic loss. However, we are not persuaded that the regulatory definition of "contributions" and an interpretation which excludes a one-time conveyance of a home as part of a divorce settlement is inconsistent with Congress' intent.

We therefore conclude that, because any value received by a divorced spouse from her ownership of a home received as part of a divorce settlement is not a contribution from the miner's property, it cannot constitute a "substantial contribution" qualifying her for black lung benefits. Because the Board correctly concluded that petitioner did not qualify for benefits as a dependent divorced spouse, the petition for review of its order is

DENIED.

---

5. Indeed, in a footnote in *Ball* we assumed (admittedly in *dicta* ) that the conveyance of a house as a lump sum settlement would not give rise to "contributions" from the miner's property. *See Ball*, 826 F.2d at 609 n. 5.