DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Petitioner,

v.

MIDLAND COAL COMPANY and Old Republic Insurance Company, Respondents.

In the Matter of Harlan W. LEACHMAN.

No. 87–2485.

United States Court of Appeals, Seventh Circuit.

Argued March 30, 1988.

Decided Aug. 30, 1988.

Robert E. Kirschman, Jr., U.S. Dept. of Labor, Washington, D.C., for petitioner.

Mark E. Solomons, Arter & Hadden, Washington, D.C., for respondents.

Before CUDAHY, RIPPLE and MANION, Circuit Judges.

MANION, Circuit Judge.

We review an order of the Department of Labor's Benefits Review Board affirming the Administrative Law Judge's denial of benefits under the Black Lung Benefits Act, 30 U.S.C. § 901 *et seq.*, to Harlan Leachman, a former surface coal miner. Leachman is not a party to the appeal. Rather, the Director, Office of Workers' Compensation Programs, petitions for review, asking this court to determine a legal issue: whether the ALJ improperly placed on the surface miner the burden of proving what conditions prevail in an underground mine in order to establish that the conditions of his surface mining employment were "substantially similar." Because we conclude that the ALJ did improperly place this burden on the surface miner, we grant the petition for review and remand the case.

## I. STATUTORY BACKGROUND

The Black Lung Benefits Act provides benefits to coal miners who are totally disabled due to pneumoconiosis arising out of coal mine employment. *See* 30 U.S.C. § 901(a). Because of the difficulty of proving that a disability results from pneumoconiosis arising out of employment as a miner, the Act and the regulations promulgated under it provide that, in certain cir-

cumstances, a miner will be presumed to be totally disabled due to pneumoconiosis. One such presumption is found in § 411(c)(4) of the Act, 30 U.S.C. § 921(c)(4), which provides that a miner who has a totally disabling respiratory or pulmonary impairment is rebuttably presumed to be totally disabled due to pneumoconiosis if he was employed for fifteen or more years as a surface coal miner and the Secretary "determines that conditions of [his] . . . employment . . . were substantially similar to conditions in an underground mine." [1] *See also* 20 C.F.R. § 718.305.

## II. FACTS

Harlan Leachman was employed exclusively as a surface miner for over thirty years prior to his retirement. At various times, he worked as a coal loader operator, an oiler on a drag line, a stripping machine operator, and a bulldozer operator on reclamation.

At the hearing before the ALJ, Leachman testified regarding the dust conditions confronting him during his surface mining employment. During the last ten years of his employment he worked as a coal loader operator, operating a power shovel loading coal from the coal seam into trucks for transportation to the processing plant. According to Leachman, the conditions were "[v]ery dusty," with coal dust "fl[ying] through the air." "The haulage roads . . . [were] always dusty." At "extreme times," when there was "a wind in the opposite direction," Leachman wore a "respirator" (apparently a facemask device worn over the mouth and nose to protect the respiratory tract). Even at other times,

Leachman reiterated, "There was always coal dust present in [the] coal bed." Prior to his ten years of employment as a coal loader operator, Leachman had also worked on a coal loader and a stripping shovel, "[a]nd it was dusty conditions also." Finally, Leachman testified that he had worked on reclamation for one and a half years as a bulldozer operator. Though conditions were not as bad as when working on the stripper or loader, they were "also dusty but it wasn't exactly coal dust." On reclamation, the company controlled the dust with water trucks, but this was impossible at the other sites where Leachman was employed: "in the coal seam . . . you can't water a solid vein of coal when you pick it up."

On cross-examination, Midland's attorney did not question the claimant about the dust conditions prevailing in either his surface employment or in underground mines. The ALJ questioned only Leachman's counsel, not Midland's, regarding the comparability of the conditions of Leachman's surface employment with those prevailing in underground mines.

## III. ADMINISTRATIVE DECISIONS

The ALJ found Leachman not entitled to the presumption of total disability due to pneumoconiosis under § 411(c)(4) of the Act because he failed to establish that his exposure to dust conditions in his surface mine employment were "substantially similar to conditions in an underground mine." The ALJ stated:

> While [Leachman] testified to coal dust exposure during the course of his work,

---

1. The text of 30 U.S.C. § 921(c)(4) reads, in pertinent part:

 > If a miner was employed for fifteen years or more in one or more underground coal mines, and if there is a chest roentgenogram submitted in connection with such miner's, . . . claim . . . and it is interpreted as negative with respect to the requirements of paragraph (3) of this subsection, and if other evidence demonstrates the existence of a totally disabling respiratory or pulmonary impairment, then there shall be a rebuttable presumption that such miner is totally disabled due to pneumoconiosis, . . . . The Secretary shall not apply all or a portion of the requirement of

 this paragraph that the miner work in an underground mine where he determines that conditions of a miner's employment in a coal mine other than an underground mine were substantially similar to conditions in an underground mine. The Secretary may rebut such presumption only by establishing that (A) such miner does not, or did not, have pneumoconiosis, or that (B) his respiratory or pulmonary impairment did not arise out of, or in connection with, employment in a coal mine. The provisions of this paragraph shall not apply with respect to claims filed on or after the effective date of the Black Lung Benefits Amendments of 1981.

*he offers no testimony as to the conditions which prevail in an underground coal mine.* There is in fact no evidence that the conditions in any of the surface mines in which the claimant was employed were similar to those in an underground mine.... [I]t is the claimant's burden to establish similarity.... This the claimant has failed to do. The testimony rather points up the differences....

(Emphasis added.) The ALJ also found that Leachman failed to establish pneumoconiosis by any of the other methods available under the Act. He therefore did not determine whether, considering all the evidence, the company had rebutted the presumption of total disability due to pneumoconiosis.

On appeal, the Benefits Review Board affirmed the ALJ's denial of benefits. Basing its holding on the legislative history and "plain language" of the Act, the Board stated, "We ... hold that under § 411(c)(4) of the Act, claimant has the burden of presenting evidence that the conditions of his surface coal mine employment were substantially similar to those of underground mining." The Director does not take exception with this conclusion. Rather, the Director objects to the Board's rejection of the argument that a claimant's burden of proving "substantially similar" conditions is satisfied by a showing that the claimant was exposed to coal dust during the course of his surface mine employment. It is the propriety of this determination that the Director asks us to address in his petition for review.

## IV. STANDARD OF REVIEW

This court reviews the ALJ's and the Board's determinations on matters of law under a *de novo* standard. *Director, OWCP v. Ball,* 826 F.2d 603, 604 (7th Cir. 1987). The sole issue in this case is one of law: whether the ALJ improperly imposed upon a black lung claimant the burden of establishing what dust conditions prevail in an underground mine in order to show that the conditions in which he worked on the surface were substantially similar. While respondents argue that, because the ALJ found that Leachman did not have pneumoconiosis, we need not review that issue, we disagree with their characterization of the ALJ's opinion.

Given our reading of the decision and order of the ALJ and of the Board, we conclude that the ALJ found only that the claimant had not established pneumoconiosis through the presumption of § 411(c)(4) (or otherwise). If that determination was erroneous—i.e., the presumption *was* raised —in order to find the presumption rebutted, the ALJ would have had to do more than was necessary to find that the claimant had failed to establish pneumoconiosis. Once the presumption is raised, the ALJ must weigh all of the relevant evidence to determine whether it is rebutted, and it is the respondent's burden to show that the miner does not have pneumoconiosis or that his disability did not arise in whole or in part out of dust exposure in his coal mine employment. *See Knudtson v. Benefits Review Board,* 782 F.2d 97, 99–100 (7th Cir.1986); 20 C.F.R. § 727.203(b); 30 U.S.C. § 921(c)(4). In this case, the ALJ never engaged in the detailed analysis required to make that determination. We are therefore squarely presented with the question whether a surface miner, in order to qualify for the presumption of § 411(c)(4) of the Act, bears the burden of producing evidence of conditions prevailing in an underground mine. As we stated previously, our review of this legal issue is *de novo.*

## V. ANALYSIS

Although the Board relied on the "plain language" of the Act, we can discern no plain meaning of the requirement of "substantial similarity." Instead, immediately apparent is the fact that the Act does not specify whether a claimant must establish similarity to a particular underground mine, a hypothetical underground mine, the best, worst, or an average underground mine. Nor, as the Board noted in its order and opinion, do the pertinent regulations provide guidelines as to the nature of the comparison required by the Act and by 20 C.F.R. § 718.305.

On appeal, the Director relies on the legislative history of the Act in making the argument that the "substantially similar" language of the Act requires only a showing that the conditions under which the miner worked exposed him to coal dust. If the Director is correct, a claimant who establishes sufficiently dusty conditions has established substantial similarity and no further showing of conditions prevailing in underground mines is required.

After reviewing the legislative history, we find it somewhat ambiguous. However, we are persuaded that the portions of the legislative history emphasized by the Director do establish that Congress, at the very least, was aware that underground mines are dusty and that exposure to coal dust causes pneumoconiosis; in fact, respondents concede as much. This supports the conclusion that Congress focused specifically on dust conditions in enacting the "substantial similarity" provision.

Midland, on the other hand, points to portions of the legislative history indicating that Congress recognized the differences between surface and underground mining conditions. We do not question those differences; it seems self-evident that surface mining does not present all the same hazards in the same degree as underground mining. Recognition of Congress' awareness of these differences notwithstanding, we are not compelled to adopt the Board's position. Contrary to Midland's contention, the position that the Director urges this court to accept is not the equivalent of a presumption that surface miners are exposed to the same conditions as underground miners. The Director acknowledges, and we emphasize, that in each case the ALJ will have to weigh the testimony and other evidence of above-ground dust conditions and make a factual finding regarding comparability. Moreover, the burden will still be on the claimant to establish comparability. The Director asks us to hold only that, in order to do so, the claim-ant need not present evidence of conditions prevailing in an underground mine.

Given the deference normally due the Director's (*not* the Board's) interpretation of the Act and regulations, *see Ball*, 826 F.2d at 604; *Ensinger v. Director, OWCP*, 833 F.2d 678 (7th Cir.1987), we accept the position advanced in this case by the Director. We agree that the ALJ improperly placed on the claimant the burden of producing evidence of conditions prevailing in an underground mine and hold that, in order to qualify for the presumption of § 411(c)(4), a surface miner must only establish that he was exposed to sufficient coal dust in his surface mine employment.

Because the ALJ did not determine whether Leachman did so, we must remand the case to allow such a determination in light of Leachman's testimony that he was exposed, at least at times, to extreme dust conditions. If the ALJ determines that Leachman did establish "substantial similarity," he will, of course, be required to determine whether the claimant established the other requirements of the § 411(c)(4) presumption. If so, the ALJ must then determine whether, given all the evidence, the presumption was rebutted.

## VI. CONCLUSION

We emphasize that our holding is limited to the determination that the ALJ erred by placing on the surface miner the burden of showing what conditions prevail in an underground mine. The claimant is required only to produce sufficient evidence of the surface mining conditions under which he worked. It is then the function of the ALJ, based on his expertise and, we would expect, certain appropriate objective factors (such as whether the surface miner was employed near the tipple—where conditions are apparently known to be very dusty—or further away from the tipple),[2] to compare the surface mining conditions established by the evidence to conditions known to prevail in underground mines. We reit-

2. Proximity to the tipple is, of course, only one factor that we, based on our limited expertise, believe may be relevant. We suggest that the Secretary is in a better position to help focus the parties' presentation of evidence and the ALJ's consideration of the question of "substantial similarity" by promulgating appropriate regulations.

erate, however, that in order to qualify for the presumption of § 411(c)(4), the claimant bears the burden of establishing comparability. In each case the ALJ will have to weigh the evidence and make a factual finding regarding substantial similarity. For that determination, we remand this case.