918 F.2d 956
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ella L. STACY, Widow of John O. Stacy, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 90-1774.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 29, 1990.
Decided Nov. 20, 1990.
 
 On Petition for Review of an Order of the Benefits Review Board. (BRB No. 87-3502-BLA)
 Gerald Francis Sharp, Browning, Morefield, Lamie & Sharp, Lebanon, Va., for petitioner.
 Robert P. Davis, Solicitor of Labor, Donald S. Shire, Associate Solicitor, Michael J. Denney, Counsel for Appellate Litigation, Michelle S. Gerdano, United States Department of Labor, Washington, D.C., for respondent.
 Ben.Rev.Bd.
 AFFIRMED.
 Before WIDENER, PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Ella Stacy, the divorced spouse of a deceased coal miner, seeks review of the decision of the Benefits Review Board ("Board") affirming the denial of benefits under the Black Lung Benefits Act, 30 U.S.C. Secs. 901-945. On appeal, Stacy contends that the Administrative Law Judge ("ALJ") and the Board erred in finding that she failed to meet the dependency requirements for a surviving divorced spouse pursuant to 20 C.F.R. Sec. 725.217(a). We disagree, and therefore affirm the Board.
 
 
 2
 The record discloses that Ella Stacy was granted a divorce from the decedent, John Stacy, in May 1967. John died in 1972 and Ella filed her application for benefits in 1973; the application was ultimately approved in 1979. In 1984, the Department of Labor ("DOL") sent Stacy form CM-929, apparently for the purpose of verifying the information upon which the award of benefits was based. Stacy's completed form indicated that she was divorced from the decedent at the time of his death, rather than his widow, as she had stated on her application for benefits.
 
 
 3
 Since Stacy's status as a surviving divorced spouse should have subjected her to the dependency requirements of Sec. 725.217, the DOL sought further information from Stacy regarding the support she received from the miner prior to his death. Later, unsatisfied that Stacy's responses established that she qualified as a dependent under the regulations, the DOL instituted modification proceedings pursuant to 33 U.S.C. Sec. 922 and 20 C.F.R. Sec. 725.310 on the ground that a mistake in a determination of fact had occurred. Stacy now appeals the government's successful effort to terminate her benefits.
 
 
 4
 Initially, we reject Stacy's contention that substantial evidence did not support the ALJ's determination that she failed to establish dependency under Sec. 725.217. That section provides that a miner's surviving divorced spouse shall be determined to have been dependent upon the miner if, for the month before the month in which the miner died: (1) one-half of the individual's support was being furnished by the miner; (2) the individual was receiving substantial contributions from the miner under a written agreement; or (3) a court order required the miner to furnish substantial contribution to the individual's support. See 20 C.F.R. Sec. 725.217.
 
 
 5
 Stacy conceded that she could not establish dependency under subsections (2) or (3), but argued that her testimony and that of her son, as well as affidavits from friends, established that the miner paid her support until his death. We have recognized the broad discretion possessed by the ALJ in weighing evidence. See Zbosnick v. Badger Coal Co., 759 F.2d 1187, 1190 (4th Cir.1985). In this case, the ALJ rejected Stacy's evidence because it conflicted with a memorandum from the Social Security Administration which indicated that Stacy admitted that she was not receiving any support from the miner. The ALJ found the memorandum more credible than Stacy's testimony because it was made only one year after the miner's death, whereas Stacy testified to payments made over 15 years ago. The ALJ also rejected the affidavits on the ground that the memorandum was much more recent. Finally, the ALJ found that the testimony of the son was not credible since he had joined the service shortly after his parents' separation, and returned less than two months prior to his father's death.
 
 
 6
 We cannot say that the ALJ acted irrationally in rejecting Stacy's testimony for the reasons given. Moreover, we agree with the Director that the miner's conveyance of real and personal property, such as a house and car, does not qualify as "support" under Sec. 725.217(a)(1), since any benefit Stacy received from this property during the relevant period derived from her property, rather than the miner's property. See Ensinger v. Director, OWCP, 833 F.2d 678 (7th Cir.1987). We therefore decline to disturb the ALJ's finding that Stacy did not meet the dependency requirements of Sec. 725.217.
 
 
 7
 Further, we find no merit to Stacy's contention that modification was not available to the Director in this case because the Director did not base his request for modification on new evidence, i.e., evidence not in existence at the time benefits were awarded.* A request for modification vests the factfinder with the authority "to correct mistakes of fact, whether demonstrated by wholly new evidence, cumulative evidence, or merely further reflection on the evidence initially submitted." O'Keffe v. Aerojet-General Shipyards, Inc., 404 U.S. 254, 257 (1971) (emphasis added).
 
 
 8
 Accordingly, the decision of the Board is affirmed.
 
 AFFIRMED
 
 
 *
 Stacy argues that the Director sought modification based on the 1973 memorandum, which existed at the time of the award of benefits