925 F.2d 1462
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mollie CHAPMAN, Divorced Wife of Howard Chapman, Petitioner
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent
 No. 90-3720.
 United States Court of Appeals, Sixth Circuit.
 Feb. 8, 1991.
 
 1
 BRB, No. 87-693 BLA.
 
 
 2
 Ben.Rev.Bd.
 
 
 3
 AFFIRMED.
 
 
 4
 Before RYAN and SUHRHEINRICH, Circuit Judges, and SILER, Chief District Judge.*
 
 ORDER
 
 5
 Mollie Chapman petitions pro se for review of a Benefits Review Board's decision affirming the denial of benefits under the Black Lung Benefits Act. 30 U.S.C. Secs. 901 et. seq. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 6
 Chapman has filed her petition on the basis of her deceased ex-husband's employment in the coal mines for a number of years. The miner was awarded black lung benefits under the Act on January 23, 1980, without augmentation for a spouse or for dependents. On March 8, 1982, the petitioner requested that she be added as an augmentee to the miner's benefits award and that the augmented amount be paid directly to her. See 20 C.F.R. Secs. 725.520 and 725.514. A deputy commissioner for the Department of Labor found that Ms. Chapman met the relationship requirement to the miner, as she had been married to him for a period of ten years immediately before the date their divorce became effective. See 42 U.S.C. Sec. 416(d)(1). However, the commissioner found that she did not prove her dependency on the miner as required for entitlement to augmented benefits under 20 C.F.R. Sec. 725.207. More specifically, the commissioner found that Ms. Chapman was not receiving "substantial contributions" from the miner for her support as defined in the Act and regulations. See 30 U.S.C. Sec. 902(a)(2); 20 C.F.R. Secs. 725.233(c) and (g). On appeal, an administrative law judge and the Benefits Review Board denied benefits on the same basis provided by the deputy commissioner in his initial report.
 
 
 7
 The petitioner now argues, as she has throughout the administrative proceedings, that the conveyance of the couple's home pursuant to their divorce decree constituted a substantial contribution to her support. Further, Chapman argues that this contribution was not a one-time conveyance, but a continuing contribution, as she later received benefits from the property through a subsequent sale and trade of that home.
 
 
 8
 The standard of review in black lung cases was stated in Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam), wherein it was held that this court must affirm the decision below if it is supported by substantial evidence and in accordance with the applicable law. The courts of appeals have plenary authority to review the Benefits Review Board's legal conclusions. Gibas v. Saginaw Mining Co., 748 F.2d 1112, 1119 (6th Cir.1984), cert. denied, 471 U.S. 1116 (1985). The Board's interpretation of the Act is not entitled to any special deference from the courts. Potomac Elec. Power Co. v. Director, OWCP, 449 U.S. 268, 278 n. 18 (1980). However, the agency's interpretations of its regulations are entitled to deference, as long as the interpretations are reasonable and consistent with the controlling statute. Wolf Creek Collieries v. Robinson, 872 F.2d 1264, 1268 (6th Cir.1989).
 
 
 9
 Unlike the Social Security Act, wherein persons qualify for benefits because of age or employment status, the Black Lung Act is a disability pension to provide benefits only to miners disabled by the disease and to those persons who are dependent upon them for support. Director, OWCP v. Hill, 831 F.2d 635, 639-41 (6th Cir.1987) (per curiam). The conveyance of a home pursuant to the divorce decree in this case is not a "substantial contribution" to the divorced spouse's continued support, as defined in the Act and regulations. Ensinger v. Director, OWCP, 833 F.2d 678, 680 (7th Cir.1987) (per curiam). Therefore, the Director's interpretation of the regulations is reasonable and consistent with the statute.
 
 
 10
 Accordingly, the Benefits Review Board's decision denying benefits is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., Chief District Judge for the Eastern District of Kentucky, sitting by designation